FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

U.S. DISTRICT COURT
BRIDGEPORT, CONN

```
*************************************************
JUDY STAIB                         *
      Plaintiff,                   *         CIVIL ACTION: 3:02CV1157(JCH)
                                   *
      v.                           *
                                   *
DANBURY BOARD OF EDUCATION,        *         JUNE 11, 2004
      Defendant.                   *
*************************************************
```

## PLAINTIFF'S MOTION FOR ENTRY OF CONSENT JUDGMENT

The plaintiff, Judy Staib, moves that the court enter a consent judgment conforming to the agreement which is attached. The sequence of events leading up to the agreement is described in the accompanying memorandum. As more fully explained in the memorandum, the parties reached a complete agreement on all components of a settlement, including all wording, but the defendant is trying to abrogate it. As explained, the court should enter the consent judgment in the interests of justice and preservation of judicial resources.

THE PLAINTIFF,

By: /s/ Leon M. Rosenblatt
Leon M. Rosenblatt (ct00284)
Law Offices of Leon M. Rosenblatt
10 North Main Street
West Hartford, CT 06107
(860) 523-8066

## **CERTIFICATION**

      This is to certify that a copy of the foregoing was mailed; postage prepaid, on this the 11th day of June, 2004, to:

Attorney Michael P. McKeon
Sullivan, Schoen, Campane & Connon, LLC
646 Prospect Ave.
Hartford, CT 06105-4286

                                                  Leon M. Rosenblatt

DRAFT

*One of Two Originals*

## SETTLEMENT AGREEMENT AND RELEASE

WHEREAS, Judy Staib ["Ms. Staib"] initiated a lawsuit by the filing of a Complaint on or about July 2, 2002 in the United States District Court for the District of Connecticut against the Danbury Board of Education ["the Board"] under the caption Judy Staib v. Danbury Board of Education, Civil Action No. 3:02-CV-1157 (JCH) ["the Lawsuit"];

WHEREAS, the Board has vigorously defended against the Lawsuit;

WHEREAS, the parties have agreed to settle and otherwise resolve the Lawsuit;

THEREFORE, Ms. Staib and the Board do hereby warrant, represent and agree as follows:

1. Ms. Staib shall execute both originals of this Settlement Agreement and Release [collectively "the Agreement"], after which the Agreement shall be forwarded to the Board for its signature of both originals. Within one week following the Board's receipt thereof, the Board shall execute the Agreements, retain one fully executed original, and return the other fully executed original to Ms. Staib's attorney along with a check in the amount of $32,551.80, made payable to Ms. Staib and sent to her in care of the Law Offices of Leon M. Rosenblatt, Ten North Main Street, West Hartford, Connecticut 06107. The Board will withhold normal payroll deductions and will issue a W-2 form in accordance with the fact that the payment is for all purposes part Ms. Staib's regular 2004 salary.

2. In consideration for both the payment of the amount set forth in enumerated paragraph one of this Agreement and the other promises made by the Board herein, Ms. Staib, for herself and for her spouse, children, executors, administrators, heirs, beneficiaries, legatees, attorneys, successors in interest and assigns [collectively "the Releasors"], forever releases and discharges the Board, and any and all of its past or present Board members, administrators, supervisors, employees, attorneys, representatives, agents, as well as their family members, either in their individual or official capacities [collectively the "Releasees"], from any and all actions, causes of action, suits, debts, attorney's fees, other fees, legal costs, other costs, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements — except compliance with the present Agreement -- promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law or in equity, including but not limited to the Lawsuit, which against the Releasees the Releasors ever had, now have, or hereafter can, shall or may have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the date of Ms. Staib's execution of this Agreement.

3. The Releasors and the Releasees [collectively "the Parties"] agree that unless compelled by legal processes such as subpoena, court or administrative order, or discovery in other civil or administrative proceedings, or unless required by law, including but not limited to the Freedom of Information Act, they shall not disclose the existence nor the substance of the Agreement to third parties, except that Ms. Staib and the Board may disclose and discuss the Agreement to and with their respective legal, tax, auditing, and/or financial advisors. Additionally, Ms. Staib and the Board shall be free to disclose the Agreement in order to enforce their rights hereunder.

4. The Parties shall not disparage one another and represent that settlement of the Lawsuit is not intended as nor shall it be construed as an admission by the Board of the validity of Ms. Staib's allegations nor as an admission by Ms. Staib of the validity of the Board's defenses to those allegations.

5. This Agreement constitutes the full agreement and understanding of the parties regarding the settlement of the Lawsuit. Any modifications of this Agreement can only be effectuated in writing, signed by both Ms. Staib and the Board.

6. This Agreement is governed by and shall be interpreted in accordance with Connecticut law.

7. Ms. Staib acknowledges that she has read the foregoing terms and fully understands their content and effect. Ms. Staib acknowledges that she hereby voluntarily executes the Agreement and agrees to its terms affirming that this choice has been freely made by her and without any duress or coercion. Ms. Staib acknowledges that she has been encouraged to take up to twenty-one (21) calendar days to review the Agreement and has been given the opportunity to review with the Board's administrators or representatives any questions as to the meaning or effect of its provisions. Ms. Staib further acknowledges that she has had an opportunity to submit the Agreement to and consult with her personal attorney if she has elected to do so. If the Agreement is signed by Ms. Staib and returned to the Board within the time specified in this paragraph, she may revoke the Agreement within seven (7) days of her signature hereof. The effective date of the Agreement shall be seven (7) business days from the date Ms. Staib signs and dates the Agreement. If Ms. Staib revokes the Agreement, including the release and waiver of claims, the Agreement shall not be effective or enforceable with respect to either Party.

**IN WITNESS WHEREOF**, Judy Staib has executed this Settlement Agreement and Release, on this _____ day of _____, 2004

_____
Judy Staib

2

APR. 2. 2004 9:04AM Case 3:01-cv-01157-JCH SCHOOL Document 34 CAMPANE &CONNOR Filed 06/16/2004 NO. 950 Page 5 of 5 P. 5/5

DRAFT

Sworn to and subscribed before me on this _____ day of _____ 2004 in _____, County of _____, State of Connecticut.

_____
Commissioner of the Superior Court/
Notary Public
My Commission Expires:

      **IN WITNESS WHEREOF,** and as duly authorized by the Danbury Board of Education, _____, has executed this Settlement Agreement and Release, on behalf of the Danbury Board of Education on this _____ day of _____, 2004.

                              THE DANBURY BOARD OF EDUCATION

                              By_____

                              Print Name_____

                              Title_____

Sworn to and subscribed before me on this _____ day of _____ 2004 in City of Danbury, County of Fairfield, State of Connecticut..

_____
Commissioner of the Superior Court/
Notary Public
My Commission Expires:

3