UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

*************************************************
JUDY STAIB                              *
    Plaintiff,                          *        CIVIL ACTION:  3:02CV1157(JCH)
                           *
       v.                                *
                           *
DANBURY BOARD OF EDUCATION,   *        October 31, 2003
    Defendant.                          *
*************************************************

## NOTICE OF DEPOSITION

    Please take notice that on **Monday, November 17, 2003 at 10:00 a.m.** at the Law Offices of Leon M. Rosenblatt, 10 North Main Street, West Hartford, Connecticut, the plaintiff in the above-entitled action will take the deposition of **Timothy Connors** pursuant to the Federal Rules of Civil Procedure.

    The deposition will continue from day to day until completed.  You are invited to attend and participate in the manner provided in the Federal Rules of Civil Procedure.

    Specifically, the subject of this deposition will be to discus issues related to the defendants' claim of the defense of qualified immunity.

THE PLAINTIFF,

By:_____
Leon M. Rosenblatt
Law Offices of Leon M. Rosenblatt
10 North Main Street, Suite 214
West Hartford, CT 06107-1988
(860) 523-8066
Federal Bar No.ct00284

## **CERTIFICATION**

This is to certify that a copy of the foregoing was mailed, postage prepaid, on this the 31st day of October, 2003 to:

Attorney Michael P. McKeon
Sullivan, Schoen, Campane & Connon, LLC
646 Prospect Ave.
Hartford, CT  06105-4286

Leon M. Rosenblatt

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Atty Michael Mcleon
646 Prospect Ave
Hartford Ct
06105-4986

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X *S. Gooki*   ☐ Agent   ☐ Addressee

B. Received by ( *Printed Name*)    C. Date of Delivery

S. GoRSK    11-04-03

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*)   ☐ Yes

2. Article Number
   (*Transfer from service label*)    7003 1680 0002 4986 4334

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1540

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| JUDY STAIB | * | |
|     Plaintiff, | * | CIVIL ACTION:  3:02CV1157(JCH) |
| | * | |
|        v. | * | |
| | * | |
| DANBURY BOARD OF EDUCATION, | * | DECEMBER 8, 2003 |
|     Defendant. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## RENOTICE OF DEPOSITION

Please take notice that on **Monday, December 15, 2003 at 1:00 p.m.** at the Law

Offices of Leon M. Rosenblatt, 10 North Main Street, Suite 214, West Hartford,

Connecticut, the plaintiff in the above-entitled action will take the deposition of **Mr.**

**Timothy Connors** pursuant to the Federal Rules of Civil Procedure.

The deposition will continue from day to day until completed.  You are invited to

attend and participate in the manner provided in the Federal Rules of Civil Procedure.

THE PLAINTIFF,

By:_____

Lynn M. Mahoney (ct20996)
Law Offices of Leon M. Rosenblatt
10 North Main Street
West Hartford, CT 06107
(860) 523-8066

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed; postage prepaid, on this the 8th, December, 2003, to:

Attorney Michael P. McKeon
Sullivan, Schoen, Campane & Connon, LLC
646 Prospect Ave.
Hartford, CT  06105-4286

Lynn M. Mahoney

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
*************************************************
JUDY STAIB                         *
          Plaintiff,               *        CIVIL ACTION:  3:02CV1157(JCH)
                                   *
          v.                       *
                                   *
DANBURY BOARD OF EDUCATION,        *        DECEMBER 15, 2003
          Defendant.               *
*************************************************
```

### RENOTICE OF DEPOSITION

Please take notice that on **Monday, December 22, 2003 at 1:00 p.m.** at the Law

Offices of Leon M. Rosenblatt, 10 North Main Street, Suite 214, West Hartford,

Connecticut, the plaintiff in the above-entitled action will take the deposition of **Mr.**

**Timothy Connors** pursuant to the Federal Rules of Civil Procedure.

The deposition will continue from day to day until completed.  You are invited to

attend and participate in the manner provided in the Federal Rules of Civil Procedure.


THE PLAINTIFF,

By: _Lynn M. Mahoney_
    Lynn M. Mahoney (ct20996)
    Law Offices of Leon M. Rosenblatt
    10 North Main Street
    West Hartford, CT 06107
    (860) 523-8066

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed; postage prepaid, on this the 15th, December, 2003, to:

Attorney Michael P. McKeon
Sullivan, Schoen, Campane & Connon, LLC
646 Prospect Ave.
Hartford, CT  06105-4286

Lynn M. Mahoney

SENDER: *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
DiGallo                          12-? 603

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

1. Article Addressed to:

Attorney Michael McKeon
Sullivan Schoen Campane &
Connon LLC
646 Prospect Ave.
Hartford, CT
        06105-4286

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)   7002 2410 0001 6263 0576

PS Form 3811, August 2001          Domestic Return Receipt          102595-02-M-1540

# LAW OFFICES OF LEON M. ROSENBLATT
*ATTORNEYS AT LAW*
10 NORTH MAIN STREET
WEST HARTFORD, CONNECTICUT 06107

LEON M. ROSENBLATT*
LYNN M. MAHONEY**

TELEPHONE NO. (860) 523-8066
FAX NO. (860) 233-5478

*ALSO ADMITTED IN SOUTHERN & EASTERN
 DISTRICTS OF NEW YORK
**ALSO ADMITTED IN NEW YORK

January 21, 2004

Attorney Michael P. McKeon
Sullivan, Schoen, Campane & Connon, LLC
646 Prospect Ave.
Hartford, CT  06105-4286

    **Re:  Judy Staib v. Danbury Board of Education**
       **Civil Action:  3:02CV1157(JCH)**

Dear Attorney McKeon:

    I am writing to confirm that we agreed on January 20, 2004, that this case would settle for $32,551.80.  I am glad we were able to reach a compromise.

                     Sincerely,

                     Leon M. Rosenblatt

LMR/kag

cc:  Ms. Judy Staib

LAW OFFICES

# SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC

646 PROSPECT AVENUE

HARTFORD, CONNECTICUT 06105-4286

(860) 233-2141

FACSIMILE · HARTFORD
(860) 233-0516

NICOLE A. BERNABO*
LAWRENCE J. CAMPANE
WILLIAM R. CONNON
SUSAN L. GUNDERSEN†
MICHAEL P. McKEON
ROBERT J. MURPHY
ROSEANN G. PADULA
VICTOR SCHOEN
MARK J. SOMMARUGA
CATHERINE M. THOMPSON

THOMAS N. SULLIVAN
OF COUNSEL

Bethel Office
24 Stony Hill Road
SUITE 106
BETHEL, CT 06801-1166
TELEPHONE (203) 778-3600
FACSIMILE  (203) 778-8877

PLEASE REPLY TO HARTFORD

\* Also admitted in New York
† Also admitted in Rhode Island

February 13, 2004

*VIA FACSIMILE AND MAIL*

Leon M. Rosenblatt, Esq.
Law Offices of Leon M. Rosenblatt
10 North Main Street, Suite 214
West Hartford, Connecticut  06107-1988.

Re:   **Judy Staib v. Danbury Board of Education**
      **Civil Action No. 3:02-CV-1157 (JCH)**

Dear Leon:

I deeply apologize for not yet having sent you a proposed Settlement Agreement and Release in the above-referenced matter.  My wife had to have some unexpected surgery at the beginning of last week and just received the results – good news, fortunately – yesterday.  Among that, a settlement on the verge of jury selection in another matter, and a crush of administrative, special education hearings, I have been unable to draft the Agreement.  I intend to send one to you next Tuesday afternoon, February 17, 2004.  I appreciate your patience and consideration.

Very truly yours,

Michael P. McKeon

RECEIVED
FEB 17 2004

LAW OFFICES

# SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC

646 PROSPECT AVENUE

HARTFORD, CONNECTICUT 06105-4286

(860) 233-2141

FACSIMILE · HARTFORD

(860) 233-0516

NICOLE A. BERNABO*
LAWRENCE J. CAMPANE
WILLIAM R. CONNON
SUSAN L. GUNDERSEN†
MICHAEL P. MCKEON
ROBERT J. MURPHY
ROSEANN G. PADULA
VICTOR SCHOEN
MARK J. SOMMARUGA
CATHERINE M. THOMPSON

THOMAS N. SULLIVAN
OF COUNSEL

Bethel Office
24 Stony Hill Road
SUITE 106
BETHEL, CT 06801-1166
TELEPHONE (203) 778-3600
FACSIMILE (203) 778-8877

PLEASE REPLY TO HARTFORD

\* Also admitted in New York
† Also admitted in Rhode Island

February 18, 2004

**VIA FACSIMILE AND MAIL**

Leon M. Rosenblatt, Esq.
Law Offices of Leon M. Rosenblatt
10 North Main Street, Suite 214
West Hartford, Connecticut 06107-1988.

Re:   **Judy Staib v. Danbury Board of Education**
      **Civil Action No. 3:02-CV-1157 (JCH)**

Dear Leon:

Enclosed is a draft of the proposed Settlement Agreement and Release in the above-referenced case. I will be out of the office the remainder of this week, but if the proposed Agreement is acceptable, I will send over two originals next Monday, February 23, 2004. Thank you for your consideration in this matter.

Very truly yours,

Michael P. McKeon

Enclosure

RECEIVED
FEB 19 2004

# LAW OFFICES OF LEON M. ROSENBLATT
*ATTORNEYS AT LAW*
10 NORTH MAIN STREET
WEST HARTFORD, CONNECTICUT 06107

LEON M. ROSENBLATT*
LYNN M. MAHONEY**

TELEPHONE NO. (860) 523-8066
FAX NO. (860) 233-5478

*ALSO ADMITTED IN SOUTHERN & EASTERN
 DISTRICTS OF NEW YORK
**ALSO ADMITTED IN NEW YORK

March 1, 2004

Attorney Michael P. McKeon
Sullivan, Schoen, Campane & Connon, LLC
646 Prospect Ave.
Hartford, CT  06105-4286

      Re:  **Judy Staib v. Danbury Board of Education**
           **Civil Action:  3:02CV1157(JCH)**

Dear Attorney McKeon:

    Since you continue to be unresponsive to my letters and phone calls, I have taken the initiative.  Enclosed is a settlement agreement which has already been approved by my client.  Please let me know immediately whether it is acceptable.  The paragraph identified as ¶ 1 is the essential part.

               Sincerely,

               Leon M. Rosenblatt

LMR/kag

Enclosure

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
**************************************************
JUDY STAIB                              *
         Plaintiff,                     *        CIVIL ACTION:  3:02CV1157(JCH)
                                        *
           v.                           *
                                        *
DANBURY BOARD OF EDUCATION,             *        MARCH ___, 2004
         Defendant.                     *
**************************************************
```

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This is a Settlement Agreement and General Release ("Agreement") by and between Judy Staib (hereinafter referred to as "Staib") and the Danbury Board of Education (hereinafter referred to as "the Board").

WHEREAS, Staib filed a lawsuit in United States District Court, District of Connecticut, Staib v. Danbury Board of Education, Docket No. 3:02CV1157(JCH), asserting claims of violations of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. Section 621, et seq., Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., and the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. 46a-58 et seq., and

WHEREAS, the Board denied all of Staib's claims and charges, and

WHEREAS, Staib and the Board wish to settle this matter to avoid the uncertainty, expense and burden of litigation.

NOW, THEREFORE, Staib and the Board agree as follows:

1.  The Board will pay $32,551.80 to Staib, no later than March 15, 2004.  The check will be payable to Staib and sent care of Staib to the Law Offices of Leon M.

Rosenblatt, 10 North Main Street, West Hartford, Connecticut 06107.  The Board will withhold normal deductions and a W-2 form will be issued in accordance with the fact the the payment is for all purposes part of Staib's regular 2004 salary.

2.    Staib does, for herself, her heirs, executors, administrators, and assigns, release, remise, and forever discharge the Board, and its employees, officers, and agents, of and from any and all actions, causes of action, sums of money, covenants, contracts, controversies, grievances, promises, damages, claims and demands whatsoever, in law or in equity, whether known or unknown, asserted or unasserted, suspected or unsuspected, arising out of or related to Staib's employment, particularly including all claims that were brought, or might have been brought, in <u>Staib v. Danbury Board of Education</u>, Docket No.: 3:02CV1157(JCH), which Staib will withdraw.

_____
Date

_____
Judy Staib

_____
Date

_____
Danbury Board of Education

# LAW OFFICES OF LEON M. ROSENBLATT

*ATTORNEYS AT LAW*
10 NORTH MAIN STREET
WEST HARTFORD, CONNECTICUT 06107

LEON M. ROSENBLATT*
LYNN M. MAHONEY**

TELEPHONE NO. (860) 523-8066
FAX NO. (860) 233-5478

*ALSO ADMITTED IN SOUTHERN & EASTERN
 DISTRICTS OF NEW YORK
**ALSO ADMITTED IN NEW YORK

March 26, 2004

Attorney Michael P. McKeon
Sullivan, Schoen, Campane & Connon, LLC
646 Prospect Ave.
Hartford, CT 06105-4286

      **Re:  Judy Staib v. Danbury Board of Education**
           **Civil Action:  3:02CV1157(JCH)**

Dear Attorney McKeon:

     I am writing to memorialize your telephone message to me of March 23, 2004. You left me a message at 7:31 a.m.

     You informed me that you had contacted the insurance company on the previous day and you expected the insurance company's check to be issued by the end of this week.  You agreed to the language I used in my draft of a settlement agreement, specifically the language affirming Staib's payment is wages for all purposes.  You said you would have a new settlement agreement for my review, which will include the language in paragraph 1 of my draft agreement, ready for my review by March 24, 2004.  You expect that your clients will execute the agreement by the end of the week and the money would be paid immediately.

     As much as I am personally willing to accommodate your busy schedule, my client is not.  I have already drafted a motion to the court to enforce the settlement agreement.  That motion will go out very soon until this case is settled, on the terms we've agreed upon.

                                   Sincerely,

                                   Leon M. Rosenblatt

LMR/kag

cc:  Ms. Judy Staib

APR. 2. 2004  5:03PM   SULLIVAN SCHOEN CAMPANE CONNON                NO. 950  P. 2/5

LAW OFFICES

# SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC

### 646 PROSPECT AVENUE
### HARTFORD, CONNECTICUT 06105-4286
### (860) 233-2141
### FACSIMILE · HARTFORD
### (860) 233-0516

NICOLE A. BERNABO*
LAWRENCE J. CAMPANE
WILLIAM R. CONNON
SUSAN L. GUNDERSEN†
MICHAEL P. McKEON
ROBERT J. MURPHY
ROSEANN G. PADULA
VICTOR SCHOEN
MARK J. SOMMARUGA
CATHERINE M. THOMPSON

*Also admitted in New York
†Also admitted in Massachusetts
          & Rhode Island

THOMAS N. SULLIVAN
OF COUNSEL

Bethel Office
24 Stony Hill Road
SUITE 106
BETHEL, CT 06801-1166
TELEPHONE (203) 778-3600
FACSIMILE   (203) 778-8877

PLEASE REPLY TO HARTFORD

April 2, 2004

*VIA FACSIMILE AND MAIL*

Leon M. Rosenblatt, Esq.
Law Offices of Leon M. Rosenblatt
10 North Main Street, Suite 214
West Hartford, Connecticut 06107-1988.

Re:   **Judy Staib v. Danbury Board of Education**
      **Civil Action No. 3:02-CV-1157 (JCH)**

Dear Leon:

Enclosed is a revised draft of the proposed Settlement Agreement and Release in the above-referenced case, incorporating into enumerated paragraph one the language you requested regarding the treatment of the settlement payment as ordinary income and the consequent payroll deductions and issuance of a W-2. My understanding is that the Danbury Board of Education's insurance carrier has issued a check to the Board. Therefore, if the enclosed revision is acceptable, I will send down the two originals to the Board to be executed, at which time Judy Staib can also sign them. I will then have the check made out to Ms. Staib and sent to her in your care.

Very truly yours,

Michael P. McKeon

Enclosure

APR. 2. 2004  5:04PM    SULLIVAN SCHOEN CAMPANE CONNON            NO. 950    P. 3/5

# DRAFT

*One of Two Originals*

## SETTLEMENT AGREEMENT AND RELEASE

**WHEREAS,** Judy Staib ["Ms. Staib"] initiated a lawsuit by the filing of a Complaint on or about July 2, 2002 in the United States District Court for the District of Connecticut against the Danbury Board of Education ["the Board"] under the caption <u>Judy Staib v. Danbury Board of Education</u>, Civil Action No. 3:02-CV-1157 (JCH) ["the Lawsuit"];

**WHEREAS,** the Board has vigorously defended against the Lawsuit;

**WHEREAS,** the parties have agreed to settle and otherwise resolve the Lawsuit;

**THEREFORE,** Ms. Staib and the Board do hereby warrant, represent and agree as follows:

1.    Ms. Staib shall execute both originals of this Settlement Agreement and Release [collectively "the Agreement"], after which the Agreement shall be forwarded to the Board for its signature of both originals.  Within one week following the Board's receipt thereof, the Board shall execute the Agreements, retain one fully executed original, and return the other fully executed original to Ms. Staib's attorney along with a check in the amount of $32,551.80, made payable to Ms. Staib and sent to her in care of the Law Offices of Leon M. Rosenblatt, Ten North Main Street, West Hartford, Connecticut 06107.  The Board will withhold normal payroll deductions and will issue a W-2 form in accordance with the fact that the payment is for all purposes part Ms. Staib's regular 2004 salary.

2.    In consideration for both the payment of the amount set forth in enumerated paragraph one of this Agreement and the other promises made by the Board herein, Ms. Staib, for herself and for her spouse, children, executors, administrators, heirs, beneficiaries, legatees, attorneys, successors in interest and assigns [collectively "the Releasors"], forever releases and discharges the Board, and any and all of its past or present Board members, administrators, supervisors, employees, attorneys, representatives, agents, as well as their family members, either in their individual or official capacities [collectively the "Releasees"], from any and all actions, causes of action, suits, debts, attorney's fees, other fees, legal costs, other costs, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements – except compliance with the present Agreement -- promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law or in equity, including but not limited to the Lawsuit, which against the Releasees the Releasors ever had, now have, or hereafter can, shall or may have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the date of Ms. Staib's execution of this Agreement.

**DRAFT**

3.      The Releasors and the Releasees [collectively "the Parties"] agree that unless compelled by legal processes such as subpoena, court or administrative order, or discovery in other civil or administrative proceedings, or unless required by law, including but not limited to the Freedom of Information Act, they shall not disclose the existence nor the substance of the Agreement to third parties, except that Ms. Staib and the Board may disclose and discuss the Agreement to and with their respective legal, tax, auditing, and/or financial advisors. Additionally, Ms. Staib and the Board shall be free to disclose the Agreement in order to enforce their rights hereunder.

4.      The Parties shall not disparage one another and represent that settlement of the Lawsuit is not intended as nor shall it be construed as an admission by the Board of the validity of Ms. Staib's allegations nor as an admission by Ms. Staib of the validity of the Board's defenses to those allegations.

5.      This Agreement constitutes the full agreement and understanding of the parties regarding the settlement of the Lawsuit. Any modifications of this Agreement can only be effectuated in writing, signed by both Ms. Staib and the Board.

6.      This Agreement is governed by and shall be interpreted in accordance with Connecticut law.

7       Ms. Staib acknowledges that she has read the foregoing terms and fully understands their content and effect. Ms. Staib acknowledges that she hereby voluntarily executes the Agreement and agrees to its terms affirming that this choice has been freely made by her and without any duress or coercion. Ms. Staib acknowledges that she has been encouraged to take up to twenty-one (21) calendar days to review the Agreement and has been given the opportunity to review with the Board's administrators or representatives any questions as to the meaning or effect of its provisions. Ms. Staib further acknowledges that she has had an opportunity to submit the Agreement to and consult with her personal attorney if she has elected to do so. If the Agreement is signed by Ms. Staib and returned to the Board within the time specified in this paragraph, she may revoke the Agreement within seven (7) days of her signature hereof. The effective date of the Agreement shall be seven (7) business days from the date Ms. Staib signs and dates the Agreement. If Ms. Staib revokes the Agreement, including the release and waiver of claims, the Agreement shall not be effective or enforceable with respect to either Party.

**IN WITNESS WHEREOF**, Judy Staib has executed this Settlement Agreement and Release, on this _____ day of _____, 2004

_____
Judy Staib

2

**DRAFT**

Sworn to and subscribed before me on this _____ day of _____ 2004 in
_____, County of _____, State of Connecticut.


_____
Commissioner of the Superior Court/
Notary Public
My Commission Expires:


**IN WITNESS WHEREOF,** and as duly authorized by the Danbury Board of Education, _____, has executed this Settlement Agreement and Release, on behalf of the Danbury Board of Education on this _____ day of _____, 2004.


THE DANBURY BOARD OF EDUCATION


By_____

Print Name_____

Title_____


Sworn to and subscribed before me on this _____ day of _____ 2004 in City of Danbury, County of Fairfield, State of Connecticut..


_____
Commissioner of the Superior Court/
Notary Public
My Commission Expires:

LAW OFFICES

## SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC

646 PROSPECT AVENUE

HARTFORD, CONNECTICUT 06105-4286

(860) 233-2141

FACSIMILE - HARTFORD
(860) 233-0516

NICOLE A. BERNABO*
LAWRENCE J. CAMPANE
WILLIAM R. CONNON
SUSAN L. GUNDERSEN†
MICHAEL P. MCKEON
ROBERT J. MURPHY
ROSEANN G. PADULA
VICTOR SCHOEN
MARK J. SOMMARUGA
CATHERINE M. THOMPSON

THOMAS N. SULLIVAN
OF COUNSEL

Bethel Office
24 Stony Hill Road
SUITE 106
BETHEL, CT 06801-1166
TELEPHONE (203) 778-3600
FACSIMILE (203) 778-8877

PLEASE REPLY TO HARTFORD

*Also admitted in New York
†Also admitted in Massachusetts
        & Rhode Island

May 13, 2004

### *VIA FACSIMILE AND MAIL*

Leon M. Rosenblatt, Esq.
Law Offices of Leon M. Rosenblatt
10 North Main Street, Suite 214
West Hartford, Connecticut 06107-1988.

Re:    **Judy Staib v. Danbury Board of Education**
        **Civil Action No. 3:02-CV-1157 (JCH)**

Dear Leon:

I have had recent discussions with my client, and there is a problem with the Settlement Agreement language that you proposed regarding the treatment of the settlement amount. As you know, the parties agreed to resolve this matter by the payment of $32,552.00 to the plaintiff, Judy Staib. You subsequently requested that the original settlement language be revised so that this amount would be treated as earnings with the appropriate deductions made. I was unaware that structuring the settlement payment in this manner, however, would require the City of Danbury to make a contribution toward Ms. Staib's pension fund. The City is not a party to this action and is not inclined to voluntarily contribute money toward this settlement. Furthermore, the Board cannot compel it to do so. Additionally, this treatment of the payment would obligate the Board to make social security and related contributions above and beyond the $32,552.00 settlement amount. The Board is not willing to do this. If Ms. Staib is amenable to receiving the full $32,552 payment with the subsequent issuance of a 1099, then the Board will formally accept the settlement and the check will be issued.

Very truly yours,

Michael P. McKeon