# EXHIBIT A

Case 3:02-cv-01157-JCH   Document 37-2   Filed 07/09/2004   Page 1 of 10

# LAW OFFICES OF LEON M. ROSENBLATT
*ATTORNEYS AT LAW*
10 NORTH MAIN STREET
WEST HARTFORD, CONNECTICUT 06107

LEON M. ROSENBLATT*
LYNN M. MAHONEY**

TELEPHONE NO. (860) 523-8066
FAX NO. (860) 233-5478

*ALSO ADMITTED IN SOUTHERN & EASTERN
 DISTRICTS OF NEW YORK
**ALSO ADMITTED IN NEW YORK

January 21, 2004

Attorney Michael P. McKeon
Sullivan, Schoen, Campane & Connon, LLC
646 Prospect Ave.
Hartford, CT 06105-4286

   **Re: Judy Staib v. Danbury Board of Education**
   **Civil Action: 3:02CV1157(JCH)**

Dear Attorney McKeon:

   I am writing to confirm that we agreed on January 20, 2004, that this case would settle for $32,551.80. I am glad we were able to reach a compromise.

                                   Sincerely,

                                   Leon M. Rosenblatt

LMR/kag

cc: Ms. Judy Staib

# EXHIBIT B

LAW OFFICES
# SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC

646 PROSPECT AVENUE

HARTFORD, CONNECTICUT 06105-4286

(860) 233-2141

FACSIMILE - HARTFORD
(860) 233-0516

NICOLE A. BERNABO*
LAWRENCE J. CAMPANE
WILLIAM R. CONNON
SUSAN L. GUNDERSEN†
MICHAEL P. MCKEON
ROBERT J. MURPHY
ROSEANN G. PADULA
VICTOR SCHOEN
MARK J. SOMMARUGA
CATHERINE M. THOMPSON

THOMAS N. SULLIVAN
OF COUNSEL

Bethel Office
24 Stony Hill Road
SUITE 106
BETHEL, CT 06801-1166
TELEPHONE (203) 778-3600
FACSIMILE (203) 778-8877

PLEASE REPLY TO HARTFORD

* Also admitted in New York
† Also admitted in Rhode Island

February 18, 2004

***VIA FACSIMILE AND MAIL***

Leon M. Rosenblatt, Esq.
Law Offices of Leon M. Rosenblatt
10 North Main Street, Suite 214
West Hartford, Connecticut 06107-1988.

Re:  **Judy Staib v. Danbury Board of Education**
     **Civil Action No. 3:02-CV-1157 (JCH)**

Dear Leon:

Enclosed is a draft of the proposed Settlement Agreement and Release in the above-referenced case. I will be out of the office the remainder of this week, but if the proposed Agreement is acceptable, I will send over two originals next Monday, February 23, 2004. Thank you for your consideration in this matter.

Very truly yours,

Michael P. McKeon

Enclosure

**DRAFT**

*One of Two Originals*

## SETTLEMENT AGREEMENT AND RELEASE

**WHEREAS**, Judy Staib ["Ms. Staib"] initiated a lawsuit by the filing of a Complaint on or about July 2, 2002 in the United States District Court for the District of Connecticut against the Danbury Board of Education ["the Board"] under the caption <u>Judy Staib v. Danbury Board of Education</u>, Civil Action No. 3:02-CV-1157 (JCH) ["the Lawsuit"];

**WHEREAS**, the Board has vigorously defended against the Lawsuit;

**WHEREAS**, the parties have agreed to settle and otherwise resolve the Lawsuit;

**THEREFORE**, Ms. Staib and the Board do hereby warrant, represent and agree as follows:

1.  Ms. Staib shall execute both originals of this Settlement Agreement and Release [collectively "the Agreement"], after which the Agreement shall be forwarded to the Board for its signature of both originals. Within three weeks following the Board's receipt thereof, the Board shall execute the Agreements, retain one fully executed original, and return the other fully executed original to Ms. Staib's attorney along with a check in the amount of $32,551.80, made payable as follows: "Law Offices of Leon M. Rosenblatt, As Trustee for Judy Staib."

2.  In consideration for both the payment of the amount set forth in enumerated paragraph one of this Agreement and the other promises made by the Board herein, Ms. Staib, for herself and for her spouse, children, executors, administrators, heirs, beneficiaries, legatees, attorneys, successors in interest and assigns [collectively "the Releasors"], forever releases and discharges the Board, and any and all of its past or present Board members, administrators, supervisors, employees, attorneys, representatives, agents, as well as their family members, either in their individual or official capacities [collectively the "Releasees"], from any and all actions, causes of action, suits, debts, attorney's fees, other fees, legal costs, other costs, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements – except compliance with the present Agreement -- promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law or in equity, including but not limited to the Lawsuit, which against the Releasees the Releasors ever had, now have, or hereafter can, shall or may have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the date of Ms. Staib's execution of this Agreement.

3.  The Releasors and the Releasees [collectively "the Parties"] agree that unless compelled by legal processes such as subpoena, court or administrative order, or discovery in other civil or administrative proceedings, or unless required by law,

including but not limited to the Freedom of Information Act, they shall not disclose the existence nor the substance of the Agreement to third parties, except that Ms. Staib and the Board may disclose and discuss the Agreement to and with their respective legal, tax, auditing, and/or financial advisors. Additionally, Ms. Staib and the Board shall be free to disclose the Agreement in order to enforce their rights hereunder.

4.  The Parties shall not disparage one another and represent that settlement of the Lawsuit is not intended as nor shall it be construed as an admission by the Board of the validity of Ms. Staib's allegations nor as an admission by Ms. Staib of the validity of the Board's defenses to those allegations.

5.  This Agreement constitutes the full agreement and understanding of the parties regarding the settlement of the Lawsuit. Any modifications of this Agreement can only be effectuated in writing, signed by both Ms. Staib and the Board.

6.  This Agreement is governed by and shall be interpreted in accordance with Connecticut law.

7   Ms. Staib acknowledges that she has read the foregoing terms and fully understands their content and effect. Ms. Staib acknowledges that she hereby voluntarily executes the Agreement and agrees to its terms affirming that this choice has been freely made by her and without any duress or coercion. Ms. Staib acknowledges that she has been encouraged to take up to twenty-one (21) calendar days to review the Agreement and has been given the opportunity to review with the Board's administrators or representatives any questions as to the meaning or effect of its provisions. Ms. Staib further acknowledges that she has had an opportunity to submit the Agreement to and consult with her personal attorney if she has elected to do so. If the Agreement is signed by Ms. Staib and returned to the Board within the time specified in this paragraph, she may revoke the Agreement within seven (7) days of her signature hereof. The effective date of the Agreement shall be seven (7) business days from the date Ms. Staib signs and dates the Agreement. If Ms. Staib revokes the Agreement, including the release and waiver of claims, the Agreement shall not be effective or enforceable with respect to either Party.

**IN WITNESS WHEREOF,** Judy Staib has executed this Settlement Agreement and Release, on this _____ day of _____, 2004

_____
Judy Staib

2

Sworn to and subscribed before me on this _____ day of _____ 2004 in _____, County of _____, State of Connecticut.

_____
Commissioner of the Superior Court/
Notary Public
My Commission Expires:

      **IN WITNESS WHEREOF,** and as duly authorized by the Danbury Board of Education, _____, has executed this Settlement Agreement and Release, on behalf of the Danbury Board of Education on this _____ day of _____, 2004.

THE DANBURY BOARD OF EDUCATION

By_____

Print Name_____

Title_____

Sworn to and subscribed before me on this _____ day of _____ 2004 in City of Danbury, County of Fairfield, State of Connecticut..

_____
Commissioner of the Superior Court/
Notary Public
My Commission Expires:

3

# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| JUDY STAIB * | |
|     Plaintiff, * | CIVIL ACTION: 3:02CV1157(JCH) |
| * | |
| v. * | |
| * | |
| DANBURY BOARD OF EDUCATION, * | MARCH ___, 2004 |
|     Defendant. * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This is a Settlement Agreement and General Release ("Agreement") by and between Judy Staib (hereinafter referred to as "Staib") and the Danbury Board of Education (hereinafter referred to as "the Board").

WHEREAS, Staib filed a lawsuit in United States District Court, District of Connecticut, Staib v. Danbury Board of Education, Docket No. 3:02CV1157(JCH), asserting claims of violations of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. Section 621, et seq., Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., and the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. 46a-58 et seq., and

WHEREAS, the Board denied all of Staib's claims and charges, and

WHEREAS, Staib and the Board wish to settle this matter to avoid the uncertainty, expense and burden of litigation.

NOW, THEREFORE, Staib and the Board agree as follows:

1. The Board will pay $32,551.80 to Staib, no later than March 15, 2004. The check will be payable to Staib and sent care of Staib to the Law Offices of Leon M.

Rosenblatt, 10 North Main Street, West Hartford, Connecticut 06107. The Board will withhold normal deductions and a W-2 form will be issued in accordance with the fact the the payment is for all purposes part of Staib's regular 2004 salary.

2.  Staib does, for herself, her heirs, executors, administrators, and assigns, release, remise, and forever discharge the Board, and its employees, officers, and agents, of and from any and all actions, causes of action, sums of money, covenants, contracts, controversies, grievances, promises, damages, claims and demands whatsoever, in law or in equity, whether known or unknown, asserted or unasserted, suspected or unsuspected, arising out of or related to Staib's employment, particularly including all claims that were brought, or might have been brought, in <u>Staib v. Danbury Board of Education</u>, Docket No.: 3:02CV1157(JCH), which Staib will withdraw.

_____        _____
Date                            Judy Staib


_____        _____
Date                            Danbury Board of Education