# EXHIBIT D

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **JUDY STAIB,** | : | **CIVIL ACTION NO.** |
| Plaintiff, | : | **3:02-CV-1157 (JCH)** |
| | : | |
| v. | : | |
| | : | |
| **DANBURY BOARD OF EDUCATION,** | : | |
| Defendant. | : | |

### AFFIDAVIT OF MICHAEL P. MCKEON

I, Michael P. McKeon, being duly sworn, do hereby depose and say:

1. I am over the age of eighteen and believe in the obligation of an oath.

2. I graduated from the University of Connecticut School of Law in May 1987 and have practiced law continuously in the State of Connecticut for over seventeen years.

3. I have been an attorney with the law firm of Sullivan, Schoen, Campane & Connon, LLC, and its predecessor, Sullivan, Lettick & Schoen, since 1992 and a member of the firm since 1998. Prior to that time I spent three years at Shipman & Goodwin and before that was an in-house counsel for two years at Phoenix Mutual Life Insurance Company.

4. I am admitted to practice law in the State of Connecticut, in the United States District Court for the District of Connecticut, the United States Court of Appeals for the Second Circuit, the United States Court of Appeals for the Fourth Circuit, and the United States Supreme

Court.

5. I represent the Danbury Board of Education ["the Board"] in the above-captioned litigation. In my role as the Board's counsel, I spoke with the plaintiff's attorney, Leon M. Rosenblatt, on January 20, 2004 regarding the settlement of this matter. This conversation followed numerous discussions and letters between the parties' respective attorneys regarding settlement.

6. During the January 20, 2004 telephone conversation, the parties agreed through counsel to settle this case for $32,551.80. I also noted that the Board expected that the Agreement would include standard provisions such as confidentiality and non-disparagement clauses.

7. On January 21, 2004, Attorney Rosenblatt wrote to me confirming that "we agreed on January 20, 2004, that this case would settle for $32,551.80." I subsequently drafted a formal Settlement Agreement and Release and sent it to Attorney Rosenblatt by facsimile and mail on February 18, 2004.

8. Under cover of letter dated March 1, 2004, Attorney Rosenblatt responded with an undated document entitled "Settlement Agreement and General Release" which contained none of the provisions which had been included in my February 18, 2004 Agreement and which altered the provision in the February 18, 2004 Agreement that addressed the payment of the settlement amount.

2

9. Appended as Exhibit G. to the June 11, 2004 Plaintiff's Memorandum in Support of Motion for Entry of Consent Judgment, is a letter that was allegedly sent to me on March 26, 2004 by Attorney Rosenblatt. I have no recollection of ever having seen this letter prior to my review of the June 11 Plaintiff's Memorandum, and I certainly have no recollection of ever having left a voice mail message on March 23, 2004 comporting with Attorney Rosenblatt's statement. In any event, and as already discussed in this Affidavit, on March 30, 2004 I spoke with Attorney Rosenblatt regarding this matter, which conversation is corroborated by my contemporaneous time records. According to those records, a redacted copy of which is appended hereto, on March 30, 2004 I spoke with Attorney Rosenblatt regarding "requested revisions to proposed settlement agreement."

10. Specifically, on March 30, 2004, Attorney Rosenblatt and I discussed the provisions that the parties had included in their respective drafts. Specifically, I noted that the Board wanted the confidentiality, non-disparagement, choice of law, "integrated agreement," and Older Worker Benefit Protection Act provisions reinserted into any Agreement. I also noted that the Board had not reviewed the plaintiff's proposed treatment of the settlement monies.

11. I informed the plaintiff's attorney that the Board might be amenable to the plaintiff's demand as to how the settlement money was to be treated, but that I could not say with any certainty as I had not as yet discussed it with the Board. In order to avoid to avoid a prolonged and piecemeal colloquy regarding the numerous provisions the Board wanted

3

reinserted in the Agreement and the provision the plaintiff was demanding regarding the treatment of the settlement money, however, I suggested that I create another draft that included the provisions each party was seeking so that the other party could review them and either accept or reject them at the same time. I added that as the Board had to review and formally approve by vote any settlement agreement, I wanted to avoid flooding it with numerous drafts of proposed agreements and thereby risk its ire.

12. I made it absolutely clear in that March 30, 2004 conversation that this draft would be nothing more than a draft. To underscore this, I personally stamped "DRAFT" on all three pages of the revised agreement before sending it to Attorney Rosenblatt. I had done the same on the original, February 18, 2004 draft Agreement. Following up on my March 30, 2004 conversation with the plaintiff's attorney, I also noted in my April 2, 2004 cover letter that "if the enclosed revision is acceptable, I will send down the two originals to the Board to be executed." Again, I had informed the plaintiff's attorney during the March 30, 2004 conversation the Board had not yet even reviewed this "DRAFT" Agreement, much less agreed to the plaintiff's proposed revision therein.

13. Attorney Rosenblatt's January 21, 2004 correspondence and my February 18, 2004 Settlement Agreement set forth the terms to which the parties agreed through counsel on January 20, 2004.

4

_____
Michael P. McKeon

Sworn to and subscribed before me on this 7th day of July 2004 in Hartford, Connecticut.

_____
Victor Schoen
Commissioner of the Superior Court

5

LAW OFFICES • SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC • 646 PROSPECT AVENUE • HARTFORD, CONNECTICUT 06105-4286 • (860) 233-2141
JURIS NO. 62326

## CERTIFICATION

This is to certify that a copy of the foregoing Affidavit of Michael P. McKeon was sent via first-class mail, postage prepaid, on this 7th day of July 2004 to Leon M. Rosenblatt, Esq., Law Offices of Leon M. Rosenblatt, 10 North Main Street, Suite 214, West Hartford, Connecticut 06107-1988.

_____
Michael P. McKeon

LAW OFFICES • SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC • 646 PROSPECT AVENUE • HARTFORD, CONNECTICUT 06105-4286 • (860) 233-2141
JURIS NO. 62326

04/06/2004                 Time Sheet Edit List                 Page 12

| Date Tkpr | Client Matter | Client Name / Matter Name | Task/ Activity | Hours | Rate Amount |
|---|---|---|---|---|---|
| 03/30/04 MPM | 1038 01204 | Plainfield BOE / Mrs. C. Litigation / Correspondence to Pupil Personnel Director Blair re: Board's opposition to parents' summary judgment motion in JH attorney's fees action. | | 0.30 | |
| 03/30/04 MPM | 1009 01590 | Brookfield BOE / Special Education / Correspondence to Special Education Director Pernice re: finalized settlement agreements in special education matter. | | 0.30 | |
| 03/30/04 MPM | 1009 01200 | Brookfield BOE / Lit-M / Review court's decision on parent's motion for supplemental attorney's fees. Correspondence to Special Education Director Pernice re: same. | | 0.60 | |
| 03/30/04 MPM | 1115 01591 | Canton BOE / Special Education / Correspondence to Hearing Officer re: scheduling of prehearing conference in new MB hearing. | | 0.30 | |
| 03/30/04 MPM | 1178 01202 | Danbury BOE / Danbury BOE v. Staib / Telephone conference with defendant Board's Superintendent re: status of settlement. | | 0.20 | |
| 03/30/04 MPM | 1178 01202 | Danbury BOE / Danbury BOE v. Staib / Telephone conference with plaintiff's attorney re: requested revisions to proposed settlement agreement. | | 0.20 | |
| 03/30/04 MPM | 1021 01589 | Granby BOE / Special Education / Telephone conference with Special Services Director DiCorleto re: MA matter. | | 0.30 | |
| 03/31/04 MPM | 1021 01589 | Granby BOE / Special Education / Revise and finalize proposed independent evaluation policy. Draft e-mail to Special Education Director DiCorleto re: same. | | 1.20 | |

# EXHIBIT E

LAW OFFICES
# SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC

646 PROSPECT AVENUE
HARTFORD, CONNECTICUT 06105-4286
(860) 233-2141

FACSIMILE · HARTFORD
(860) 293-0516

NICOLE A. BERNABO*
LAWRENCE J. CAMPANE
WILLIAM R. CONNON
SUSAN L. GUNDERSEN†
MICHAEL P. MCKEON
ROBERT J. MURPHY
ROSEANN G. PADULA
VICTOR SCHOEN
MARK J. SOMMARUGA
CATHERINE M. THOMPSON

THOMAS N. SULLIVAN
OF COUNSEL

Bethel Office
24 Stony Hill Road
SUITE 106
BETHEL, CT 06801-1166
TELEPHONE (203) 778-3600
FACSIMILE (203) 778-8877

PLEASE REPLY TO HARTFORD

*Also admitted in New York
†Also admitted in Massachusetts
 & Rhode Island

April 2, 2004

*VIA FACSIMILE AND MAIL*

Leon M. Rosenblatt, Esq.
Law Offices of Leon M. Rosenblatt
10 North Main Street, Suite 214
West Hartford, Connecticut 06107-1988.

Re:  **Judy Staib v. Danbury Board of Education**
     Civil Action No. 3:02-CV-1157 (JCH)

Dear Leon:

Enclosed is a revised draft of the proposed Settlement Agreement and Release in the above-referenced case, incorporating into enumerated paragraph one the language you requested regarding the treatment of the settlement payment as ordinary income and the consequent payroll deductions and issuance of a W-2. My understanding is that the Danbury Board of Education's insurance carrier has issued a check to the Board. Therefore, if the enclosed revision is acceptable, I will send down the two originals to the Board to be executed, at which time Judy Staib can also sign them. I will then have the check made out to Ms. Staib and sent to her in your care.

Very truly yours,

Michael P. McKeon

Enclosure

**DRAFT**

*One of Two Originals*

## SETTLEMENT AGREEMENT AND RELEASE

WHEREAS, Judy Staib ["Ms. Staib"] initiated a lawsuit by the filing of a Complaint on or about July 2, 2002 in the United States District Court for the District of Connecticut against the Danbury Board of Education ["the Board"] under the caption <u>Judy Staib v. Danbury Board of Education</u>, Civil Action No. 3:02-CV-1157 (JCH) ["the Lawsuit"];

WHEREAS, the Board has vigorously defended against the Lawsuit;

WHEREAS, the parties have agreed to settle and otherwise resolve the Lawsuit;

THEREFORE, Ms. Staib and the Board do hereby warrant, represent and agree as follows:

1. Ms. Staib shall execute both originals of this Settlement Agreement and Release [collectively "the Agreement"], after which the Agreement shall be forwarded to the Board for its signature of both originals. Within one week following the Board's receipt thereof, the Board shall execute the Agreements, retain one fully executed original, and return the other fully executed original to Ms. Staib's attorney along with a check in the amount of $32,551.80, made payable to Ms. Staib and sent to her in care of the Law Offices of Leon M. Rosenblatt, Ten North Main Street, West Hartford, Connecticut 06107. The Board will withhold normal payroll deductions and will issue a W-2 form in accordance with the fact that the payment is for all purposes part Ms. Staib's regular 2004 salary.

2. In consideration for both the payment of the amount set forth in enumerated paragraph one of this Agreement and the other promises made by the Board herein, Ms. Staib, for herself and for her spouse, children, executors, administrators, heirs, beneficiaries, legatees, attorneys, successors in interest and assigns [collectively "the Releasors"], forever releases and discharges the Board, and any and all of its past or present Board members, administrators, supervisors, employees, attorneys, representatives, agents, as well as their family members, either in their individual or official capacities [collectively the "Releasees"], from any and all actions, causes of action, suits, debts, attorney's fees, other fees, legal costs, other costs, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements – except compliance with the present Agreement -- promises, variances, trespasses, damages, judgments, extents, executions, claims, and demands whatsoever, in law or in equity, including but not limited to the Lawsuit, which against the Releasees the Releasors ever had, now have, or hereafter can, shall or may have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the date of Ms. Staib's execution of this Agreement.

**DRAFT**

3.  The Releasors and the Releasees [collectively "the Parties"] agree that unless compelled by legal processes such as subpoena, court or administrative order, or discovery in other civil or administrative proceedings, or unless required by law, including but not limited to the Freedom of Information Act, they shall not disclose the existence nor the substance of the Agreement to third parties, except that Ms. Staib and the Board may disclose and discuss the Agreement to and with their respective legal, tax, auditing, and/or financial advisors. Additionally, Ms. Staib and the Board shall be free to disclose the Agreement in order to enforce their rights hereunder.

4.  The Parties shall not disparage one another and represent that settlement of the Lawsuit is not intended as nor shall it be construed as an admission by the Board of the validity of Ms. Staib's allegations nor as an admission by Ms. Staib of the validity of the Board's defenses to those allegations.

5.  This Agreement constitutes the full agreement and understanding of the parties regarding the settlement of the Lawsuit. Any modifications of this Agreement can only be effectuated in writing, signed by both Ms. Staib and the Board.

6.  This Agreement is governed by and shall be interpreted in accordance with Connecticut law.

7   Ms. Staib acknowledges that she has read the foregoing terms and fully understands their content and effect. Ms. Staib acknowledges that she hereby voluntarily executes the Agreement and agrees to its terms affirming that this choice has been freely made by her and without any duress or coercion. Ms. Staib acknowledges that she has been encouraged to take up to twenty-one (21) calendar days to review the Agreement and has been given the opportunity to review with the Board's administrators or representatives any questions as to the meaning or effect of its provisions. Ms. Staib further acknowledges that she has had an opportunity to submit the Agreement to and consult with her personal attorney if she has elected to do so. If the Agreement is signed by Ms. Staib and returned to the Board within the time specified in this paragraph, she may revoke the Agreement within seven (7) days of her signature hereof. The effective date of the Agreement shall be seven (7) business days from the date Ms. Staib signs and dates the Agreement. If Ms. Staib revokes the Agreement, including the release and waiver of claims, the Agreement shall not be effective or enforceable with respect to either Party.

**IN WITNESS WHEREOF**, Judy Staib has executed this Settlement Agreement and Release, on this _____ day of _____, 2004

_____
Judy Staib

2

**DRAFT**

Sworn to and subscribed before me on this _____ day of _____ 2004 in _____, County of _____, State of Connecticut.

_____
Commissioner of the Superior Court/
Notary Public
My Commission Expires:

**IN WITNESS WHEREOF**, and as duly authorized by the Danbury Board of Education, _____, has executed this Settlement Agreement and Release, on behalf of the Danbury Board of Education on this _____ day of _____, 2004.

THE DANBURY BOARD OF EDUCATION

By_____

Print Name_____

Title_____

Sworn to and subscribed before me on this _____ day of _____ 2004 in City of Danbury, County of Fairfield, State of Connecticut..

_____
Commissioner of the Superior Court/
Notary Public
My Commission Expires:

# EXHIBIT F

LAW OFFICES
# SULLIVAN, SCHOEN, CAMPANE & CONNON, LLC

646 PROSPECT AVENUE
HARTFORD, CONNECTICUT 06105-4286
(860) 233-2141

FACSIMILE - HARTFORD
(860) 233-0516

NICOLE A. BERNABO*
LAWRENCE J. CAMPANE
WILLIAM R. CONNON
SUSAN L. GUNDERSEN†
MICHAEL P. MCKEON
ROBERT J. MURPHY
ROSEANN G. PADULA
VICTOR SCHOEN
MARK J. SOMMARUGA
CATHERINE M. THOMPSON

THOMAS N. SULLIVAN
OF COUNSEL

Bethel Office
24 Stony Hill Road
SUITE 106
BETHEL, CT 06801-1166
TELEPHONE (203) 778-3600
FACSIMILE (203) 778-8877

PLEASE REPLY TO HARTFORD

*Also admitted in New York
†Also admitted in Massachusetts
 & Rhode Island

May 13, 2004

*VIA FACSIMILE AND MAIL*

Leon M. Rosenblatt, Esq.
Law Offices of Leon M. Rosenblatt
10 North Main Street, Suite 214
West Hartford, Connecticut 06107-1988.

Re:   **Judy Staib v. Danbury Board of Education**
      **Civil Action No. 3:02-CV-1157 (JCH)**

Dear Leon:

I have had recent discussions with my client, and there is a problem with the Settlement Agreement language that you proposed regarding the treatment of the settlement amount. As you know, the parties agreed to resolve this matter by the payment of $32,552.00 to the plaintiff, Judy Staib. You subsequently requested that the original settlement language be revised so that this amount would be treated as earnings with the appropriate deductions made. I was unaware that structuring the settlement payment in this manner, however, would require the City of Danbury to make a contribution toward Ms. Staib's pension fund. The City is not a party to this action and is not inclined to voluntarily contribute money toward this settlement. Furthermore, the Board cannot compel it to do so. Additionally, this treatment of the payment would obligate the Board to make social security and related contributions above and beyond the $32,552.00 settlement amount. The Board is not willing to do this. If Ms. Staib is amenable to receiving the full $32,552 payment with the subsequent issuance of a 1099, then the Board will formally accept the settlement and the check will be issued.

Very truly yours,

Michael P. McKeon