UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

*************************************************
| JUDY STAIB | * |
| Plaintiff, | * | CIVIL ACTION: 3:02CV1157(JCH)
| | * |
| v. | * |
| | * |
| DANBURY BOARD OF EDUCATION, | * | August 2, 2004
| Defendant. | * |
*************************************************

## PLAINTIFF'S RESPONSE TO DEFENDANT'S CROSS-MOTION FOR ENTRY OF CONSENT JUDGMENT

The defendant's cross-motion for entry of consent judgment urges the court to enter judgment on the basis of the January 21, 2004 letter written by plaintiff's counsel to defendant's counsel. (A copy of that letter was reproduced in the plaintiff's memorandum at Exhibit C and in the defendant's memorandum at Exhibit A.) The illogic of the defendant's position is revealed by the fact that there were numerous additional exchanges between the plaintiff and defendant concerning the settlement after January 21, 2004, and by the fact that the defendant never tendered the money.

On February 18, 2004, Attorney McKeon sent a "proposed Settlement Agreement and Release" and said "<u>if</u> the proposed Agreement is acceptable, I will send over two originals...." (emphasis added) This letter makes it plain that the defendant understood that the plaintiff had to agree to the language of the "Agreement" before a full and final settlement had been reached. (This letter was reproduced by the plaintiff in Exhibit E.)

On March 26, 2004, Attorney McKeon called plaintiff's counsel to say that there was now agreement on the language plaintiff's counsel had written specifying that the money would be paid as regular wages. (Plaintiff's March 26, 2004 letter to Attorney McKeon is reproduced in plaintiff's motion in Exhibit G. The language plaintiff's counsel had written specifying that the money would be paid as regular wages is in ¶ 1 of Exhibit F.)

On April 2, 2004, Attorney McKeon wrote to the plaintiff's counsel with a proposed settlement agreement "incorporating into enumerated paragraph one the language you requested regarding the treatment of the settlement payment as ordinary income and the consequent payroll deductions and issuance of a W-2." (Attorney McKeon's letter is reproduced in the plaintiff's memorandum at Exhibit H. The draft settlement agreement follows that cover letter.)

If it were true that there was a complete and final agreement as of January 21, 2004, there would be no logical reason for the telephone calls, letters and draft agreements that occurred after that date. What conceivable reason would there be for Attorney McKeon's writing to the plaintiff on April 2, 2004 with what he called a "proposed Settlement Agreement and Release"? It is transparently obvious that the final proposal was not made until April 2, 2004. It was accepted by the plaintiff on April 14, 2004. (See Exhibit A appended to this memorandum.)

THE PLAINTIFF,

By: _____
Leon M. Rosenblatt (ct00284)
Law Offices of Leon M. Rosenblatt
10 North Main Street
West Hartford, CT 06107
(860) 523-8066

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, on this the 2nd day of August, 2004, to:

Attorney Michael P. McKeon
Sullivan, Schoen, Campane & Connon, LLC
646 Prospect Ave.
Hartford, CT 06105-4286

_____
Leon M. Rosenblatt

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| **JUDY STAIB** <br> Plaintiff, | |
| v. | CIVIL ACTION: 3:02CV1157(JCH) |
| **DANBURY BOARD OF EDUCATION,** <br> Defendant. | August 2, 2004 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### AFFIDAVIT OF LEON M. ROSENBLATT

My name is Leon M. Rosenblatt. I am over the age of 18 and understand and believe in the obligations of an oath. I hereby depose and say:

1) I am plaintiff's counsel in the above-captioned case.

2) On April 14, 2004 I called Attorney Michael McKeon and told him his proposal of April 2, 2004 and the settlement agreement sent with it on that same day were accepted by the plaintiff. McKeon and I both understood the case was then resolved on the April 2, 2004 terms. We discussed how the plaintiff's signature would be obtained. McKeon proposed, and I accepted, that he would have his client execute the agreement, and then his client would call the plaintiff into the office for her to execute it.

3) The reference to an April 12, 2004 letter on page four of the plaintiff's June 11, 2004 motion is a typographical error. The reference should be to an April 2, 2004 letter.

4) I make this statement under penalty of perjury.

_____
Leon M. Rosenblatt